# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

KRISTOPHER TUCKER,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

    Defendant.

2:18-cv-02255-VCF

**FINDINGS OF FACT
CONCLUSIONS OF LAW
RE: LIABILITY**

    In her order (ECF No. 33), entered on August 20, 2020, Judge Navarro granted defendant's Motion to Bifurcate Trial, (ECF No. 21). Thereafter, with the parties' consent, Judge Navarro referred the case to the undersigned Magistrate Judge for all further proceedings, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, (ECF No. 36).

    A bench trial on liability only, was held on December 8, 2020, February 8, 2021, and February 9, 2021. The parties, counsel and witnesses all appeared by video conference.

    Based on the testimony of the witnesses, as recorded in my trial notes, the exhibits received into evidence and the arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law.

## **JURISDICTION**

    This court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. The claims arise under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

# CREDIBILITY FINDINGS

Plaintiff testified that he had no memory of the accident at issue in this case or of events occurring the morning of the accident. On cross examination it was established that the plaintiff was not able to recall many facts which are relevant to the issue of liability.

Thomas Jensen observed plaintiff's operation of his motorcycle proceeding northbound on Pecos Road from a point south of Deer Springs Road until the point of impact. His testimony was clear, apparently unbiased and credible.

Patricia Dunton was approaching or in the left turn lane from southbound Pecos into the VA Hospital entrance. Her first relevant observation was plaintiff's body launching over the hood of the Disabled American Veterans (DAV) Ford Flex van, bouncing off its windshield and continuing north until it landed on Pecos Road. She was credible regarding that observation, the existence of other cars in her left turn lane and the status and position of the DAV van at the time of impact.

Dale Owens, the operator of the DAV van testified regarding events leading up to and including the accident. His testimony was mostly credible, but he was vague and inconsistent regarding material facts relevant to his entry into and then stopping in a position partially blocking north bound Pecos traffic at the VA Hospital entrance intersection.

William Redfairn testified as plaintiff's designated expert. His analysis and findings regarding the movements of the DAV van five seconds before impact, based on the Bosch data appearing at page 6 of Joint Exhibit 4, was helpful to the court. His analysis and findings regarding the speed of the plaintiff's motorcycle at the time of impact was of marginal usefulness. Mr. Redfairn was not able to state with certainty an estimated speed before or at the time of impact. He concluded that the speed at

impact most likely was faster than 45 MPH and less than 80 MPH.  His analysis regarding Dale Owens responsibility for the crash as compared with the plaintiff was not helpful to the court.

By stipulation, excerpts of the deposition testimony of Alfredia-Princella Allen were entered into the record as if it they were trial testimony.  Ms. Allen observed plaintiff's operation of his motorcycle proceeding north bound on Pecos Road.  According to Ms. Allen, the motorcycle was close behind her for a period of time.  It followed her into the right turn lane, then "peeled out" to the left to pass her.  As he passed Ms. Allen, plaintiff turned his head to look at her.  Then he hit the van.  Although I was not able to observe her demeanor, Ms. Allen's testimony in the written record was clear, apparently unbiased and credible.

John Cunag testified as defendant's designated expert. His analysis and findings regarding measurements at the scene, the North Las Vegas Police accident report, and using camera sight lines and the surveillance video to estimate plaintiff's speed, during the three seconds immediately prior to impact, were helpful to the court.

## FINDINGS OF FACT

Based on the testimony of these witnesses, as recorded in my trial notes, exhibits admitted into evidence and the arguments of counsel, I find the following facts:

1. The accident at issue occurred at around 7:00 AM, December 21, 2016.

2. At that time, two travel lanes proceed northbound from E. Deer Springs Road to the VA Hospital entrance on the right.

3. Beginning approximately 300 feet south of the VA Hospital entrance, a right turn lane becomes available for vehicles to use to slow down to enter the hospital.

4. All vehicles exiting the hospital must stop at a stop sign before proceeding onto Pecos Road.  There are no other traffic control devices at this intersection.  In addition to the northbound right turn lane, there is a southbound left turn lane for southbound travelers to use and wait, if necessary, before making a left into the hospital entrance.

5. The speed limit on Pecos Road, in the vicinity of the hospital entrance at the time of the accident, was 35 MPH.

6. Before the accident, plaintiff accelerated northbound on Pecos from E. Centennial Parkway until he overtook Ms. Allen who was also travelling north.  Plaintiff closely followed Ms. Allen into the right turn lane for the VA Hospital entrance.  From that lane, plaintiff abruptly swerved to the left and passed Ms. Allen.  As he passed Ms. Allen, plaintiff was looking at her and not watching where he was going.  His motorcycle slammed into the DAV van without decreasing, and most likely while increasing speed.

7. At the time of impact, Patricia Dunton's vehicle was waiting in the southbound left turn lane to turn into the hospital entrance.

8. There were at least two other cars behind Ms. Dunton in that turn lane.

9. Dale Owens was driving the DAV van at the time of impact.

10. Dale Owens was a volunteer with Disabled American Veterans.

11. The DAV van was owned by defendant.

12. A little before 7:00 AM, Mr. Owens left the DAV office at the VA Hospital to pick up a patient.

13. Before entering the intersection where the crash occurred, Mr. Owens stopped the DAV van at the stop sign.

14. Mr. Owens did not see any southbound traffic, but did see northbound traffic, including cars in the right turn lane heading into the hospital and a motorcycle with its lights on behind the cars.

15. Believing the intersection was clear, Mr. Owens proceeded into the intersection, but slowed almost to a stop, rather than proceeding with his left turn on to southbound Pecos.

16. The court cannot determine exactly why Mr. Owens did not proceed with his turn on to southbound Pecos.  He reported that he realized the motorcycle was closer and moving faster than he originally thought.  The court finds, that at some point, Mr. Owens realized, or should have realized, that there were southbound left turning vehicles in the intersection to whom he had been required to yield.

17. Regardless of the reason, I find that Mr. Owens negligently entered the intersection and then slowed almost to a stop, completely blocking the northbound Pecos travel lane closer to the hospital and partially blocking the other northbound traffic lane.

## **CONCLUSIONS OF LAW**

1. When granting Partial Summary Judgment in favor of defendant, Judge Navarro concluded, as a matter of law, Defendant breached the following statutory duties of care: Speeding in violation of NRS 404.600(b) and failing to reduce speed as he approached the intersection where the crash occurred as required by NRS 484B.603(1). The facts found above also support this conclusion.

2. Plaintiff's breaches were proximate causes of his injury, damage, loss or harm. Had he not been speeding and had he been watching where he was going, the accident could have been avoided and would not have occurred.

3. The court takes judicial notice that the VA Hospital is owned by the federal government. The VA Hospital entrance at Pecos Road is an intersection subject to NRS 484B.257. It is an intersection marked stop or yield. NRS 484A.190 defines Private Way as every way or place in private ownership used for vehicular travel by the owner and those with permission, but not others. The entrance to the VA Hospital is not in private ownership.

4. Mr. Owens violated his statutory duty of care imposed by NRS 484B.257, when he entered the subject intersection and slowed almost to a stop. He failed to yield the right-of-way to the left turning vehicles, and he created a hazardous condition by blocking all of one northbound travel lane and a portion of the other.

5. Even if NRS 484B.260 were to apply here, the same conduct by Mr. Owens would violate his duty of care to yield the right-of-way to all other vehicles approaching on such highway.

6. Mr. Owen's breaches were proximate causes of plaintiff's injury, damage, loss or harm. Had the DAV van not been slowed almost to a stop, completely blocking one lane of northbound Pecos Road travel and partially blocking the second, the accident would not have occurred.

7. Plaintiff's negligence, cooperating with Mr. Owens' negligence, helped proximately cause plaintiff's injuries.

8. Before proceeding past the stop sign at the hospital exit, Mr. Owens failed to properly assess the traffic northbound and southbound on Pecos. The very slowly moving van, blocking one

northbound traffic lane and part of the other, contributed to the accident.  Mr. Owen's negligence, cooperating with Plaintiff's negligence, helped proximately cause plaintiff's injuries.

9. Based on these facts I find that there is not a material difference in the degree to which Mr. Owens negligence contributed to plaintiff's injuries as compared to the degree in which plaintiff's negligence contributed to his own injuries.  Accordingly, I find that plaintiff's negligence was equal to defendant's negligence.

IT IS HEREBY ORDERED, based on the foregoing findings of fact and conclusions of law, that upon the determination of the amount of damages suffered by plaintiff as a result of the accident at issue, plaintiff's recovery must be reduced by FIFTY PERCENT (50%).

DATED this 9th day of February, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE